UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALLEN WAYNE RIGGS, *et al.*                                                          Plaintiffs

v.                                                                    Civil Action No. 3:22-cv-456-RGJ

JAMES CAMERON WRIGHT, *et al.*                                                       Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Allen Wayne Riggs and Aurora Cheyenne Riggs's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the Court will dismiss some of Plaintiffs' claims and allow others to go forward.

**I.**

Plaintiffs initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. Plaintiffs name the following Defendants in this action: Kentucky State Police Troopers James Cameron Wright, Brad Holloman, and Travis Dalton, in their individual and official capacities. [DE 1].

Plaintiffs allege that on February 22, 2022, Defendants, after identifying themselves as police and instructing Plaintiffs to "open up," kicked in the front door and entered the residence of Plaintiff Allen Wayne Riggs (hereinafter "Riggs"). Riggs claims that at the time of the entry, officers had their guns and tasers drawn and ordered Riggs to walk to the door. Once at the door, Riggs asserts that two officers grabbed him and slammed him down on his stomach on the front porch, knocked his phone out of his hand, and cuffed him. [*Id.* at 5]. Riggs alleges that "all of a sudden another officer starts punching [Riggs] in [his] face, about 6 times, closed fist, punching

the side of my . . . head." [*Id.* at 6]. Riggs maintains that he did not resist arrest. Riggs sustained a fractured jaw in three separate places and a skull fracture behind his right ear. [*Id.* at 7].

Riggs states that, after his arrest, Trooper Holloman and Trooper Wright entered his home without his consent or the consent of the homeowner, Danny Riggs, in violation of the Fourth Amendment. [*Id.* at 6]. At the time of the entry into Riggs's home, Plaintiff Aurora Riggs (hereinafter "Aurora") did not live at the residence. [*Id.*].

Plaintiffs allege that while Troopers Wright and Dalton took Riggs to the emergency room for evaluation, Trooper Holloman remained at the residence "scaring [Riggs's] wife into . . . testifying against [him] by telling her he was going to lock her up for harboring a fugitive." [*Id.*]. Plaintiffs claim that this conduct "violated our rights to our marriage and this was also unconstitutional." [*Id.*]. Additionally, Plaintiffs assert that their Fourteenth Amendment rights were violated by "denying us citizens within its jurisdiction the equal protection of constitutional laws." [*Id.*].

Plaintiffs seek compensatory damages, and Riggs seeks expungement of records. [*Id.* at 8].

## II.

Because Plaintiffs are proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and

3

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiffs sue Kentucky State Police Troopers Wright, Holloman, and Dalton in their official capacity. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of the Kentucky State Police and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. States, state agencies, and state employees sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiffs seek damages from the state employees in their official capacities, they fail to allege cognizable claims under § 1983. Further, the Eleventh Amendment acts as a bar to claims for damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiffs' official-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-Capacity Claims

#### 1. Riggs's Fourth Amendment Excessive Force and Unlawful Search

Based upon the allegations set forth in the complaint, the Court will allow Riggs's Fourth Amendment claims for excessive force and unlawful search to proceed against Defendants in their

4

individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### 2. Equal Protection

Plaintiffs assert their Fourteenth Amendment rights were violated by "denying us citizens within its jurisdiction the equal protection of constitutional laws." [DE 1 at 6].

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The threshold element of an equal protection claim is disparate treatment. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" (citation omitted)). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects[.]" *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Here, Plaintiffs' one-sentence reference to not being treated the same as other citizens is too conclusory to state an equal protection claim. *See Iqbal*, 556 U.S. at 678 (2009) (holding that a complaint does not suffice if it tenders "'naked assertion[s]'" devoid of "'further factual enhancement'" ) (citation omitted); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"); *see also Brown v. Slaubaugh*, No. 3:18-CV-P762-RGJ, 2021 WL 3754553, at *2 (W.D. Ky. Aug. 24, 2021) (same). Consequently, Plaintiffs' Fourteenth Amendment Equal Protection claim will be dismissed for failure to state a claim.

### 3. Alleged Threat by Trooper Holloman

Plaintiffs allege that Trooper Holloman verbally threatened Aurora by "telling her he was going to lock her up for harboring a fugitive." [DE 1 at 6]. In as much as Plaintiffs claim that this verbal threat rises to a Fourth Amendment excessive force claim, this claim fails. "Mere verbal threats do not rise to the level of excessive force." *Settles v. McKinney*, No. 3:12CV-P368-H, 2013 WL 2151560, at *5 (W.D. Ky. May 16, 2013) (citing *Williams v. Sandal*, 433 F. App'x 353, 362 (6th Cir. 2011)); *see also Giese v. Wichita Police Dep't*, No. 94–3439, 1995 WL 634173 (10th Cir. Oct. 30, 1995) ("Verbal threats during questioning also do not constitute the use of excessive force."). Therefore, Plaintiffs' claim that Holloman verbally abused or threatened Aurora will be dismissed for failure to state a claim.

To the extent that Plaintiffs assert that this threat "violated our rights to our marriage," the Court can discern no constitutional claim and will dismiss it for failure to state a claim as well.

### 4. Expungement

Moreover, Riggs's request for expungement of his record is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Moreover, a § 1983 action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Because expungement would invalidate Riggs's conviction, his claim for such relief under § 1983 must be dismissed for failure to the state a claim.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) Plaintiffs' claims against Defendants Wright, Holloman, and Dalton in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

(2) Plaintiffs' claims against Defendants Wright, Holloman, and Dalton in their individual capacities related to the alleged verbal threat from Defendant Holloman, for violation of marriage, for Fourteenth Amendment Equal Protection, and for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) The Clerk of Court is **DIRECTED** to terminate Plaintiff Aurora Riggs as a party to this action.

(4) The Court will enter a separate Order directing service upon Defendants Wright, Holloman, and Dalton.

Date: May 16, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
A961.014